UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:22-CR-34-HAB |
| ) | (1:23-CV-345-HAB) |
| ALMAREZ HENDERSON ) | |

**OPINION AND ORDER**

In January 2023, Defendant was sentenced to 180 months' imprisonment following his binding plea of guilty to Possession with Intent to Distribute Methamphetamine and Carrying a Firearm During and in Relation to a Drug Trafficking Crime. (ECF No. 55). No timely appeal followed. Defendant then filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 58). The Government filed its response (ECF No. 68) to which the Defendant replied. (ECF No. 69). After reviewing the issues presented, the briefing, and the procedural history of this case, the Court concludes that one issue presented in Defendant's Motion requires the appointment of counsel and the setting of an evidentiary hearing.

**I.    Factual Background**

In April 2022, a Fort Wayne Police Department detective saw Defendant going room to room at a Fort Wayne motel known for drug activity. The detective watched Defendant leave in a red van. The license plate on the van belonged to a different vehicle. Defendant was also observed changing lanes without signaling.

Officers initiated a traffic stop on Defendant's vehicle. After running Defendant's license, the officers learned that Defendant's license was suspended and that he had an active warrant. Defendant was placed under arrest and both he and the vehicle were searched. The search produced

a knife, three devices for smoking methamphetamine, approximately 60 grams of methamphetamine, and a 9mm handgun.

Defendant was indicted in March 2022. Defendant was found indigent and Michelle Kraus, the Federal Community Defender, was appointed to represent him. The Defendant promptly pled guilty to the indictment pursuant to a written, binding plea agreement calling for a 180-month sentence.

On January 19, 2023, the Defendant appeared before the court for sentencing. The Court accepted the parties' binding plea and sentenced Defendant accordingly.

As is the Court's customary practice, near the end of the sentencing hearing the Court advised the Defendant of his appellate rights. The Court specifically advised the Defendant that he could appeal his conviction and must file a Notice of Appeal within 14 days of judgment in his case. He was further advised that if requested, the Clerk of the Court would file a notice of appeal on his behalf. The Defendant did not make such a request. What occurred next is the subject of some dispute.

Defendant states in his motion and accompanying brief that he asked Kraus "on multiple occasions" to file a notice of appeal and she refused. In response, the Government produced an Appeal Election form. (ECF No. 68-1). This is that form:

APPEAL ELECTION

United States v. Henderson

Case No. 1:22cr-34

My attorney has discussed with me the benefits and consequences of filing an appeal of my case. My attorney has answered all of my questions about the issues which could be appealed, and the merits of those issues; the effect an appeal would have on the sentence which I have received. If I have signed a plea agreement that contains a waiver of appeal, I have been advised that if I file an appeal the United States Attorney can declare my plea agreement void and reinstate any dismissed charges or file any other charges or seek further penalties.

I understand that failure to file a notice of appeal within fourteen days of the date my judgment and sentence is filed with the Clerk will mean that I will be not be allowed to appeal my case later, and I may give up the right to later raise any issues that could have been raised on a direct appeal.

I feel I am fully informed as to the decision of whether or not to file a notice of appeal in my case. My attorney has answered all of my questions to my satisfaction, and I make the following election freely and voluntarily and without being subject to any force, threats, or coercion:

(*Initial one choice*)

_____  I direct my attorney to file a notice of appeal on my behalf.

_____  I have decided not to file an appeal. I understand that my attorney will NOT file a notice of appeal. If I change my mind within the time allowed for filing a notice of appeal I understand that I can file a notice of appeal myself by writing to the Clerk and stating that I want to appeal. I also understand that if I want my attorney to file a notice of appeal I must notify my attorney in writing in sufficient time to allow a notice of appeal to be prepared and filed.

_X_  I understand that pursuant to my Plea Agreement, I waived any right to an appeal I may have including but not limited to 18 U.S.C. § 3742 and 28 U.S.C. § 2255. I further acknowledge that my attorney will NOT file a notice of appeal on my behalf.

DATED: _1/9-23_

_____
Defendant

3

On its face, the form shows that Defendant waived his right to appeal and acknowledged that Kraus would not file an appeal. This election was consistent with Defendant's plea, which contained an appellate waiver.

In his reply, Defendant challenges the authenticity of the form. He claims that he did not place an "X" on the form, did not sign the form, and that, in any event, he could not waive his rights to an appeal based on ineffective assistance of counsel. (ECF No. 69 at 2).

**B.    Legal Discussion**

Defendant's motion raises several issues. Most pertinent, for present purposes, is the Defendant's assertion that counsel was ineffective for failing to file a notice of appeal on his behalf as he requested.

Relief under 28 U.S.C. § 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a motion pursuant to § 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.* A § 2255 motion is neither a substitute for nor a recapitulation of a direct appeal. *Id.*; *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

4

*Belford*, 975 F.2d at 313; *see also McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a § 2255 movant may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *Johnson v. Loftus*, 518 F.3d 453, 455–56 (7th Cir. 2008).

The Sixth Amendment guarantees criminal defendants "the right . . . to have the Assistance of Counsel for [their] defense." The right to counsel includes "'the right to the effective assistance of counsel.'" *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). Under *Strickland*, a defendant who claims ineffective assistance of counsel must prove (1) "that counsel's representation fell below an objective standard of reasonableness," 466 U.S. at 687–688, and (2) that any such deficiency was "prejudicial to the defense," *id*., at 692.

"When a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel." *Gant v. United States*, 627 F.3d 677, 681 *(*7th Cir. 2010) (citing *Kafo v. United States,* 467 F.3d 1063, 1069 (7th Cir. 2006)). To succeed on such a claim, however, a defendant must show that he actually requested his attorney file an appeal. *Id.; see also Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir. 1994) ("'Request' is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue.").

A district court is not required to provide a hearing for every petitioner who brings a § 2255 motion. However, the court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the . . . record[ ] . . . conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). This means that "a district court *must* grant an evidentiary hearing when the

5

petitioner alleges facts that, if proven, would entitle him to relief." *Kafo*, 467 F.3d at 1067 (quotation marks omitted). No hearing is required, however, "if the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015) (quotation marks omitted).

      A hearing is necessary in this case on the limited issue of whether the Defendant's assertion that counsel was ineffective by failing to file a notice of appeal on his behalf has merit. The Defendant has alleged facts that he requested counsel to file an appeal on his behalf. If true, these facts would demonstrate counsel performed deficiently. These facts are disputed in the record by the Government's evidence. And, unfortunately, neither side has provided the Court with the kind of detailed affidavits that would allow the Court to decide the matter on the record. For this reason, an evidentiary hearing is required for the Court to assess the credibility of the various witnesses. Indeed, at the evidentiary hearing, the district court possesses broad discretion to evaluate the credibility of contradictory testimony and such findings are entitled to "exceptional deference" on review. *Gant*, 627 F.3d at 681-82 (quoting *Tezak v. United States*, 256 F.3d 702, 715-716 (7th Cir. 2001).

      The Court also finds that, pursuant to 28 U.S.C. § 2255(g), counsel should be appointed to represent Defendant at the hearing. Accordingly, the Court REFERS this matter to the Northern District of Indiana Federal Community Defenders, Inc., 31 E. Sibley St., Hammond, Indiana 46320 (219-937-8020) for the appointment of counsel to represent the Defendant on the limited issue set forth herein.

      The Court will set this matter for further proceedings upon the appearance of counsel for Defendant. All other issues presented in the Defendant's § 2255 petition (ECF No. 58) remain under advisement pending the evidentiary hearing and ruling on that matter.

SO ORDERED on March 14, 2024.

                                                  s/ *Holly A. Brady*  
                                                  JUDGE HOLLY A. BRADY  
                                                  UNITED STATES DISTRICT COURT