**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CASE NO. 1:22-CR-34-HAB-SLC |
| ALMAREZ D HENDERSON, | |
| Defendant. | |

## OPINION AND ORDER

In 2022, Defendant Almarez Henderson pleaded guilty to federal drug and gun crimes pursuant to a plea agreement and was sentenced to a 180-month term of imprisonment. Now before the Court is Defendant's Emergency Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 100). In his motion, Defendant requests that the Court reduce his sentence due to his allegedly deteriorating physical health. The Government opposes the motion because Defendant has not shown he has exhausted his administrative remedies prior to filing his motion. (ECF No. 102). Defendant has not replied to the Government's response.

Because the Government is correct that Defendant failed to establish that he exhausted his administrative remedies prior to filing his compassionate release motion, the Defendant's motion will be DENIED.

## DISCUSSION

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. See 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements.

See 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case –
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
> (i) extraordinary and compelling reasons warrant such a reduction … … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. The Government contends that Defendant failed to satisfy that requirement. (ECF No. 117).

Prisoners have two routes to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt . . . of such a request" by the warden of the prisoner's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). In *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021), the Seventh Circuit clarified that the exhaustion requirement is a mandatory claim-processing rule and "*must* be enforced when properly invoked." *Id.* at 782 (emphasis in original). Where, as here, the Government raises exhaustion as a defense a defendant has the burden to show he properly exhausted all administrative avenues available to him. *Id.* at 781–82 ("[T]he defendant must first present his request for compassionate release to the warden and exhaust administrative appeals (if the request is denied) . . . .").

Further, to properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United*

*States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). The purpose of this requirement is to allow the Bureau of Prisons an opportunity to evaluate issues before they are brought to federal court. *Id.*

In his motion, Defendant asserts he submitted a request to the warden of his facility and that his request was denied. (ECF No. 100 at 4). As the Government points out, however, Defendant did not include a copy of his request or the denial with his motion, so it is impossible for the Court to determine if and when a request was made, when it was denied by the warden, and which grounds were cited in his request. Thus, Defendant has failed to meet his burden of showing he has exhausted his administrative remedies, and his motion must be denied. *See Sanford*, 986 F.3d at 782; *United States v. Williams*, 829 Fed. App'x 138, 140 (7th Cir. 2020) (affirming district court's dismissal of defendant's § 3582 motion where he failed to provide any proof of exhaustion).

## CONCLUSION

For this reason, Defendant's Emergency Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 100) is DENIED.

SO ORDERED on January 7, 2026.


s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT