UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CASE NO. 1:22-CR-34-HAB-SLC |
| ALMAREZ D HENDERSON, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is pro se Defendant Almarez Henderson's Motion for Reconsideration (ECF No. 104), filed on February 6, 2026, in which Henderson asks the Court to reconsider its January 7, 2026 Opinion and Order denying Henderson's Emergency Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 103). In his Motion, Henderson asks the Court to reconsider its denial of his compassionate release request because he never received a copy of the Government's response to his motion, *see* ECF No. 102. Because he did not know there was anything to which he had to reply, he argues he was not given the opportunity to demonstrate he had exhausted his administrative remedies.

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75 (1964)). Motions to reconsider are governed by either Federal Rule of Civil Procedure 59(e), for motions to alter or amend judgment, or 60(b), for motions for relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Henderson is seeking relief from the Court's Order, so the Court will treat his motion as a motion under Rule 60(b).

Rule 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(2) through (b)(5) allow reopening a judgment on other grounds, including newly discovered evidence, fraud, or other circumstances. And Rule 60(b)(6) provides a catchall for "any other reason that justifies relief," and it is only available when Rule 60(b)(1) through (b)(5) are inapplicable. *See Kemp v. United States*, 596 U.S. 528, 533 (2022).

Here, the Government raised in its Response that Henderson failed to show he exhausted his administrative remedies, and the Court denied his compassionate release motion on those grounds. Henderson now says he never received a copy of the Government's response and thus never had a chance to prove he did exhaust. The Court finds that Rule 60(b)(6) is applicable here, as Rule 60(b)(1) through (b)(5) are inapplicable because Henderson, through no fault of his own, did not receive a fair chance to reply to the Government's argument.

As such, the Court will GRANT Henderson's Motion to Reconsider (ECF No. 104) and VACATE its January 7, 2026 Opinion and Order denying his request for compassionate release (ECF No. 103). Pursuant to this Order, Henderson will have until **March 17, 2026**, to file his Reply to the Government's Response.

**SO ORDERED** this 17th day of February 2026.

                                              s/ Holly A. Brady
                                              CHIEF JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT